UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE MDL 1720 DAMAGES CLASS SETTLEMENT DISPUTES | **ORDER ADOPTING REPORT AND RECOMMENDATION** |
| IN RE MDL 1720 DAMAGES CLASS SETTLEMENT APPEAL OF RECOVERMYFEE.COM on behalf of BREADS OF THE WORLD, LLC | 24-mc-3415 (BMC)<br>26-mc-3531 (BMC) |

**COGAN**, District Judge.

This matter is before me on the Report and Recommendation ("R&R") of the Special Master, Judge James Orenstein (Ret.), dated September 1, 2026. The Court has reviewed the objections of RecoverMyFee.com ("RMF") and considered the issues raised *de novo* pursuant to Federal Rule of Civil Procedure 53(f). For the reasons set forth below, the Court overrules the objections and adopts the R&R as the decision of the Court.

The relevant facts are well-accounted for in Judge Orenstein's R&R, but to summarize, RMF is a third-party filer that registered a claim arising out of Breads of the World, LLC ("BOTW")'s payment card transactions. Sometime in between BOTW accepting payment cards and RMF filing a claim purportedly on BOTW's behalf, BOTW sold its assets in a series of three transactions and subsequently ceased to exist. After diligently sorting through the specifics of BOTW's asset sales (to entities other than RMF) and communicating with RMF about the various issues with RMF's registration, the Class Administrator determined that RMF's registration on behalf of BOTW was deficient. RMF's attempts to persuade the Class Administrator to reconsider were unsuccessful, so RMF asked Judge Orenstein to review the Class Administrator's determination that it had not established authority to register a claim on behalf of BOTW.

Judge Orenstein concluded that BOTW's asset purchase agreements included BOTW's MDL 1720 claims within the assets sold in 2014, 2016, and 2018. The Court agrees. BOTW therefore had nothing to assign to RMF after those asset sales. RMF insists, to the contrary, that BOTW's claim to a portion of the settlement fund is appropriately considered a "rebate or incentive," which were partially excluded from the relevant asset purchase agreements. The Court is not persuaded. A portion of a settlement fund is not a "rebate or incentive."

The Court also agrees with Judge Orenstein's conclusion that RMF has failed to establish that Mr. Berger – the individual who engaged RMF to register BOTW's TIN – had legal authority to dispose of BOTW's assets, particularly after those assets were sold to other purchasers. RMF argues that the R&R "does not account for the Missouri law governing the dissolution and winding up of BOTW, a Missouri limited liability company," and that such law allowed BOTW "to wind up its affairs and collect its assets." First, no application of this Missouri law can change the pertinent facts: BOTW's portion of the settlement fund was transferred under asset purchase agreements in 2014, 2016, and 2018; what remained of BOTW was formally dissolved in 2023; and RMF registered a claim on behalf of BOTW in 2025.

Second, application of this Missouri law to the facts here does not establish Berger's individual authority to do what he did. Berger purported to assign BOTW's claim to RMF after BOTW was formally dissolved. RMF points to a BOTW resolution from 2020, which gave Mr. Berger authority "to execute any and all documents, agreements, or instruments as [he] deem[s] necessary, and to take such actions as [he] deem[s] advisable in order to dissolve the Company." This resolution gave Mr. Berger authority to dissolve BOTW. To suggest that this resolution somehow gave Mr. Berger authority to assign BOTW's claim to RMF in 2025 as a "wind up" operation after BOTW was formally dissolved makes no sense.

RMF nevertheless objects to Judge Orenstein's description of the record because, according to RMF, he suggests that there is "no evidence supporting Berger's authority." The Court reads Judge Orenstein's description differently. Judge Orenstein found that nothing in the record established Berger's authority to act *after* BOTW was dissolved, not while it was still operational or even while it was in the process of dissolving. RMF's assertion that Berger's "authority is not negated by BOTW's dissolution" cannot be correct. A fully dissolved company cannot have officers acting on its behalf.

For the foregoing reasons, RMF's objections are overruled, and the Court adopts Judge Orenstein's R&R in full. The Class Administrator is directed to withdraw RMF's registration of BOTW's TIN.

**SO ORDERED.**

Brian M. Cogan

U.S.D.J.

Dated: Brooklyn, New York
October 26, 2026